PENACHIO MALARA LLP
235 Main Street
White Plains, NY 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re                                                    CHAPTER 11

    GOLDFISH RESTAURANT, INC.,                   CASE NO.: 17-22628 (RDD)

                            Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## AFFIRMATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

**MICHAEL CASARELLA,** hereby affirms as follows:

1. I am a managing member of **GOLDFISH RESTAURANT, INC.**, the debtor herein (the "Debtor"). The Debtor is a New York Corporation with its principal place of business at 6 Rockledge Avenue, Ossining, NY 10562 (the "Premises"). The Debtor recently changed the name that it operates under to "Sparta".

2. I have maintained a senior position at the Debtor for many years and am familiar with its financial affairs. I submit this affirmation pursuant to Federal Rule of Bankruptcy Procedure 1007(d) and Local Bankruptcy Rule 1007-2.

3. The Debtor operates a traditional restaurant which offers casual dining throughout the day and evening. It specializes in Greek cuisine.

4. The Debtor has been experiencing financial reverses for several years as a result primarily in the general downturn of the economy and difficulties with management.

5. Its bankruptcy filing was precipitated, in part, by its need to seek protection from New York State taxing authorities which has threatened seizure of its assets.

6. The Debtor leases the Premises from which it operates from a related entity.

7. With the advance of warmer weather upon "uptick" in the economy, the Debtor is hopeful that business will increase.

8. This case was not originally commenced as a case under Chapter 7 or Chapter 13 of the Bankruptcy Code.

9. No committee was organized prior to the entry of the order for relief in the Debtor's Chapter 11 case.

10. The Debtor is a "small business" as that term is defined in Section 1109 of the Bankruptcy Code.

11. The names and addresses of the Debtor's twenty largest unsecured creditors excluding those creditors who or which would not be entitled to serve on a creditors committee under 11 U.S.C. 702 or "insiders" under 11 U.S.C. 101(31) will be filed with the Court. Such creditors consist primarily of trade debt, including purveyors.

12. The Debtor's assets are limited and consist of those items generally used in the food service business, such as fixtures, equipment, bar ware, tables, chairs, tableware and televisions.

13. No shares of the Debtor are publically held.

14. No property of the Debtor is currently in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditor or any agent for such entity.

15. The Debtor's assets and books and records are located at the Premises.

16. Upon information and belief, there are no pending litigations against the Debtor.

17. The Debtor's day to day senior management consists of myself.

18. The Debtor's weekly payroll varies. I estimate the current weekly payroll to be approximately $2,000.00.

19. A current balance sheet will be filed with the Court.

20. A copy of the corporate resolution authorizing the filing of the Debtor's Chapter 11 proceeding has been filed with the Court.

21. The Debtor's shareholders are me and Tommy Stratigakis.

22. A copy of an income tax return, redacted to maintain confidentiality, will be filed with the Court.

Dated: Ossining, New York
       May 3, 2017

_____
Michael Casarella